# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BROWN, | |
| Plaintiff, | CIVIL ACTION NO. 3:26-cv-01662 |
| v. | (SAPORITO, J.) |
| ROBERT BAKER, | |
| Defendant. | |

## MEMORANDUM

Raymond Brown, a prisoner at SCI-Dallas proceeding *pro se*, has filed a fee-paid complaint[1] (Doc. 1) against Robert Baker, a unit manager at the prison. Brown, who alleges that he was housed in the prison's Veterans Service Unit, will proceed on a First Amendment claim based on allegations that Baker transferred him to another unit in retaliation for filing grievances. However, Brown's other claims against Baker will be dismissed, and his request for a court order directing the preservation

[1] Brown initially sought leave to proceed *in forma pauperis*. He acknowledged that he "has 3 strike[s]" under the Prison Litigation Reform Act, which generally precludes a prisoner from proceeding *in forma pauperis*. *See* (Doc. 5), 28 U.S.C. § 1915(g). However, he subsequently paid the full filing fee, and the PLRA's three strikes provision does not prevent a prisoner from filing a fee-paid complaint. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001).

of evidence will be denied.

## I. Background

Brown's complaint primarily concerns his placement in the Veterans Service Unit ("VSU") at SCI-Dallas. The VSU offers programming and services for certain veterans who are nearing release. *See* (Doc. 1-1) (excerpt of DOC Policy Statement 7.3.1).

The complaint alleges as follows: Brown, who identifies himself as an African American male and a disabled veteran, was housed in the VSU at SCI-Dallas in February 2026. He suffers from PTSD and other mental health issues. Defendant Baker, the VSU unit manager, allegedly made a series of "rac[i]al comments and statements to Brown." On one occasion, after Brown received "a misconduct for sexual harassment of a black female at SCI Phoenix," Baker allegedly told Brown that he "can be housed on the VSU [because] there are no sister[s] working on the area." Further, Baker allegedly "refused to provide Brown with employment on the VSU and submit Brown's VSU programming[ ] for parole," which Brown believes was "due to [Brown's] race and age."

At some unspecified time, Brown "filed grievances on Baker about the living conditions on the VSU related to the clean indoor air act, [noise]

level in the dayroom, spiders, and the fact that an inmate was being pa[id] by the VSU to aid[ ] other[s] with their VA claims." Baker allegedly told Brown that his grievances would "go nowhere . . . [A]lways with the black lives matter sh[*]t." Brown filed another grievance against Brown for the "black lives matter" comment. Baker allegedly responded by "stating 'you will fall in line[, or I] will put [you] with [your] hood boys.'"

On June 5, 2026, Brown made what he describes as "proposals for Juneteenth," but Baker allegedly "informed Brown that it is not a real holiday," and told Brown to "do the Juneteenth with his brother from the hood." An argument ensued, and Baker "removed Brown from the VSU and place[d] him" on the top level of another unit. This move required Brown to push a cart and carry 20 pounds of his own property to the top level. Brown alleges that he sustained "pain and injuries" and required unspecified medical treatment from this move. Brown also contends that he has "been suffering mental health issues . . . and is at risk [of] a mental health break down, due to Baker's actions."

Brown asserts a First Amendment claim premised on Baker's alleged "discrimination and retaliation," and Eighth Amendment claims against Baker based on "poor and unsafe living condition [and] denial

and delay of serious medical/mental health treatments" and "intentional and reckless infliction of emotional distress."

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions concerning prison conditions. *See* 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1) or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a motion to dismiss

may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quotation omitted).

Brown is pursuing constitutional claims that would fall under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

> proceeding for redress . . . .

42 U.S.C. § 1983. To establish a Section 1983 claim, a plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Further, "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As explained by the Third Circuit Court of Appeals:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## III. DISCUSSION

Brown's complaint suggests a plausible First Amendment claim

based on his allegations of retaliatory removal from the VSU. For a retaliation claim, a plaintiff must allege that (1) he was engaged in constitutionally protected conduct; (2) he suffered an "adverse action" sufficient to deter a person of ordinary firmness from exercising his First Amendment rights; and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison official's decision to take the adverse action. *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (citations and quotations omitted).

Filing a prison grievance about an officer's alleged verbal abuse is constitutionally protected conduct. *See*, *e.g.*, *Robinson v. Taylor*, 204 F. App'x 155, 156-57 (3d Cir. 2006). In this case, Brown alleges that Baker responded to his grievance about the "black lives matter" comment by warning Brown to "fall in line" or be placed with his "hood boys." Baker subsequently removed Brown from the VSU and placed him in another unit.[2] Although Brown's timeline of events is not entirely clear, the complaint supports a plausible inference that his grievance was a

---

[2] The complaint plausibly suggests that the comments about Brown's "brothers from the hood" and "hood boys" referred to his imminent transfer to a unit that had a greater proportion of Black or African American inmates than the VSU.

"substantial and motivating factor" in his removal from the VSU. Further, the removal from the VSU may have been an "adverse action," given that it deprived Brown of programming and services that were not otherwise available to him.[3]

However, Brown's various Eighth Amendment theories are not viable as pled.[4] Brown asserts a claim of "denial and delay of serious

---

[3] *See Chruby v. Bearjar*, No. 3:17-CV-01631, 2018 WL 4537404, at *12 (M.D. Pa. Aug. 27, 2018) (a prison transfer can constitute an adverse action) (listing cases); *Dillard v. Talamantes*, No. 1:15-CV-974, 2018 WL 1518565, at *11 (M.D. Pa. Mar. 28, 2018) (whether the consequences of a cell transfer are sufficiently adverse "will depend on the facts of the particular case"). Because the complaint states a viable claim on that basis, we need not consider whether other alleged actions by Baker — such as "refus[ing] to provide Brown with employment" — could constitute adverse actions.

[4] While the racial remarks Brown attributes to Baker are deplorable, verbal abuse does not itself violate the Eighth Amendment, and Brown does not assert a claim on that basis. *See*, *e.g.*, *Mickens v. Clark*, No. 1:24-CV-00190, 2025 WL 976701, at *10 (M.D. Pa. Mar. 31, 2025); *Hernandez-Tirado v. Lowe*, No. 3:14-CV-1897, 2017 WL 3433690, at *11 (M.D. Pa. Aug. 10, 2017); *Baylor v. Pennsylvania Dep't of Corr.*, No. 1:12-CV-0341, 2013 WL 521957, at *4 (M.D. Pa. Feb. 11, 2013).

Brown's Eighth Amendment claims of "intentional and reckless infliction of emotional distress" may have been intended as state law tort claims. However, the conduct ascribed to Baker is not the kind for which Pennsylvania courts recognize tort liability premised on emotional distress. *See*, *e.g.*, *Golden v. Perrin*, No. 1:21-CV-00187-RAL, 2022 WL 2791186, at *9-10 (W.D. Pa. July 15, 2022) (in the prison context, verbal threats and taunts, and an allegedly retaliatory segregation, did not state

*(continued on next page)*

medical/mental health treatments," but the complaint does not explain how Baker was involved in or responsible for Brown's medical care, or what treatments Brown was denied.

Brown also asserts a claim of deliberate indifference to his "poor and unsafe living conditions." For this kind of claim, the plaintiff must allege facts suggesting deliberate indifference to "a substantial risk of serious harm" or the denial of "the minimal civilized measure of life's necessities." *See Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372-73 (3d Cir. 2019). Brown's bare allegations of noise in the dayroom and spiders in the unit do not, by themselves, suggest a constitutional violation. To the extent this claim related to Brown having to move to the top level of another unit, he has not explained how Baker was aware of a "substantial risk" from this move. Although he claims that Baker was aware of his "medical restriction[s] and Veteran's disabilities," the only disabilities Brown describes pertain to his mental health. *See* (Doc. 1, ¶¶ 8, 20). Brown does not explain why his disabilities made it unsafe for him

---

an "IIED" claim); *John v. Philadelphia Pizza Team, Inc.*, 209 A.3d 380, 383-84 (Pa. Super. Ct. 2019) (the occasional use of racial epithets was not "outrageous conduct" for IIED purposes).

to move to another unit, nor identify any previously imposed "restrictions" that would have made Baker aware of that risk. Accordingly, the case will proceed only on his First Amendment retaliation claim.

## IV. MOTION TO PRESERVE EVIDENCE

Brown also requests that the Court enter an order to preserve video from the VSU on the morning of June 5, 2026, as well as the "log[ ] book on the VSU . . . from February 2026 to June 5, 2026." (Doc. 8). A party has a duty to preserve evidence "when the party in possession of the evidence knows that litigation . . . is pending or probable . . . [and] can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded." *Archer v. York City Sch. Dist.*, 227 F. Supp.3d 361, 380 (M.D. Pa. 2016) (quotation omitted). In this case, Brown offers no evidence demonstrating that the video or log book will be unlawfully lost or destroyed. Therefore, we will not enter an order specifically directing their preservation.[5] Nonetheless, service

[5] *See Rock v. Ribbons Express, Inc.*, No. 2:09-CV-1127, 2009 WL 10687675, at *1 (E.D. Pa. Nov. 30, 2009) (party seeking a preservation order must "demonstrate" a "threat to the continuing integrity or existence of the evidence") (citation omitted); *see also Dahdah v. Virgin*

*(continued on next page)*

of the complaint on Baker will itself establish that litigation is pending and thereby affirms Baker's obligation to preserve relevant evidence.[6]

## V. CONCLUSION

For the foregoing reasons, Brown will be permitted to proceed on his First Amendment retaliation claim, but all other claims will be dismissed without prejudice, and his motion to preserve evidence will be denied. An appropriate order follows.

Dated: September 9, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

*Islands Dep't of Hum. Servs.*, 350 F.R.D. 481, 495 (D.V.I. 2025); *St. Charles v. Amrhein,* No. 21-CV-1133, 2021 WL 5770214, at *4 (W.D. Pa. Dec. 6, 2021).

[6] Even if other DOC personnel, rather than Baker himself, are the custodians of such evidence, the duty may be imputed to Baker in appropriate circumstances. *See*, *e.g.*, *Sinanan v. Quinn,* No. 1:24-CV-0192, 2026 WL 828746, at *5 (W.D. Pa. Mar. 26, 2026); *Tolbert v. Baldwin*, No. 2:22-CV-1182, 2025 WL 1361284, at *4 (E.D. Pa. May 9, 2025).